**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FT. LAUDERDALE DIVISION**
**www.flsb.uscourts.gov**

IN RE:                                              Case No. 08-19642-BKC-JKO

    **PETER D. LETTERESE,**                   Chapter 7

    Debtor.
_____/

**CHURCH OF SCIENTOLOGY**
**INTERNATIONAL, and**
**BRIDGE PUBLICATIONS, INC.,**                Adversary Case No. 09-02199-BKC-JKO

    **Plaintiffs,**

v.

**PETER D. LETTERESE,**

    **Defendant.**

_____/

## PLAINTIFFS' INITIAL DISCLOSURE STATEMENT

    Plaintiffs, CHURCH OF SCIENTOLOGY INTERNATIONAL, ("CSI"), and BRIDGE PUBLICATIONS, INC. ("BPI"), by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 26(a)(1) and the Court's Order Setting Filing and Disclosure Requirements for Pretrial and Trial dated October 23, 2009, hereby provide their initial pre-trial disclosures. Nothing contained herein to the contrary shall be deemed a waiver of Plaintiffs' right to supplement these disclosures and add additional witnesses or documents at any time insofar as such supplementation is necessary to their claims in this matter. Furthermore, Plaintiffs make these disclosures subject to, and without waiving their right to withhold information which is protected by the attorney-client privilege, work product doctrine or any other privilege and/or that which is

not within the scope of discovery provided by Bankruptcy Rule 7026(a). Finally, Plaintiffs are not, by identifying any individual or entity herein, waiving any right to contest discovery of that individual or entity.

## I.    WITNESS LIST

**Fed. R. Civ. P. 26(a)(1)(A) disclosure:**

The following individuals are likely to have knowledge or information regarding the allegations and/or claims that form the basis of the Complaint:

1.    Peter Letterese

2.    Charles Franken

3.    Barbara Fawcett

4.    Dr. Thomas John Karas

5.    Ramona Letterese

6.    All witnesses identified by the Defendant.

7.    All witnesses necessary for impeachment or rebuttal.

8.    Any and all record custodians for evidence to be presented at trial.

9.    Any and all other witnesses identified during the discovery process.

## II.    EXHIBIT LIST

**Fed. R. Civ. P. 26(a)(1)(B) disclosure:**

The following documents may be used by the Plaintiffs in support of their claims:

1.    The Plaintiffs have, in their possession, custody, or control (or in certain cases, access to) the following:

a.    Any and all pleadings filed in the instant Adversary Proceeding, including any and all rulings and orders entered by the Court;

b.      Any and all pleadings filed in the Debtor's Chapter $7^1$ Bankruptcy Proceeding, including any and all rulings and orders entered by the Court;

c.      Any and all pleadings in the Chapter $7^2$ Bankruptcy Proceeding filed by Debtor, as the principal officer of Creative Desperations, Inc. a/k/a Peter Letterese & Associates, Inc., including any and all rulings and orders entered by the Court;

d.      Transcript of the 341 Meeting of Creditors filed in the Debtor's Chapter 7 Bankruptcy Proceeding;

e.      Transcript of the 341 Meeting of Creditors filed in Creative Desperations, Inc.'s Chapter 7 Bankruptcy Proceeding;

f.      Transcript of all depositions taken in this Adversary Proceeding, the Debtor's Bankruptcy Proceeding and in Creative Desperations, Inc.'s Bankruptcy Proceeding, and any exhibits attached thereto;

g.      Promissory Note signed by Peter Letterese and Barbara Fawcett in favor of Creative Desperations, Inc.;

h.      The License Agreement between Peter Letterese & Associates, Inc. and the Dane family, dated December 31, 1993.

2.      Any documents or records upon which Defendant identifies and/or intends to rely on at trial;

---

[1] Debtor initially filed for Chapter 13; however upon motion by various creditors, including CSI and BPI, the Court converted the case to a Chapter 7 proceeding in part because of the bad faith of the Debtor.

[2] Debtor initially filed for Chapter 11 on behalf of the corporation; however the case has since been converted to a Chapter 7 proceeding.

3.    Any other documents identified during the discovery process or during the course of this action.

4.    Any documents or records upon which Defendant intends to mark as exhibits for trial;

5.    Any and all documents produced by Defendant during the discovery process in this case.

6.    Any and all documents necessary for impeachment or rebuttal purposes at trial.

Plaintiffs in no way stipulate to the admissibility of any of the foregoing, but make these disclosures as required under the Federal Rules of Civil Procedure.  Plaintiffs reserve the right to amend or supplement the above list of witnesses and documents should additional documents and witnesses be identified, and/or if subsequent discovery, review, or evaluation results in the necessity to introduce additional witnesses and documents at trial.

Dated: December 11, 2009
      Fort Lauderdale, Florida

Respectfully submitted,

ADORNO & YOSS LLP

/s/ Alan J. Perlman
Alan J. Perlman
Florida Bar Number:  826006
Shirin Movahed
Florida Bar Number:  031546
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, Florida 33301-4217
Phone:  (954) 763-1200
Fax:  (954) 766-7800
aperlman@adorno.com
smovahed@adorno.com
Attorneys for Creditors
Church of Scientology International and
Bridge Publications, Inc.

## CERTIFICATE OF SERVICE
## AND COMPLIANCE WITH LOCAL RULE 2090-1(A)

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

I HEREBY FURTHER CERTIFY that on this 11th day of December, 2009, a true and correct copy of the foregoing was served by first-class mail, postage prepaid, to Peter Letterese, 14581 Old Sheridan Street, Southwest Ranches, Florida 33330.

/s/Alan J. Perlman
Alan J. Perlman